UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| ARNULFO CABALLERO on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> ENCORE PIPE & CONSTRUCTION, LLC, <br><br> Defendant. | § § § § § § § § § § § § § |

CIVIL ACTION NO. : 7:18-cv-20
JURY TRIAL DEMANDED

**PLAINTIFF'S ORIGINAL COMPLAINT**
**CLASS AND COLLECTIVE ACTION & JURY DEMAND**

I.   **INTRODUCTION**

1. Defendant Encore Pipe & Construction, LLC. ("Defendant") required Plaintiff Arnulfo Caballero ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and the corresponding laws of the other states where Defendant operates. Defendant has misclassified dozens of other workers as exempt from overtime.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

1

3. Plaintiff worked for Defendant in New Mexico. Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification independently violate the state laws of New Mexico. As such, Plaintiff brings claims under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. Members of the New Mexico class are hereinafter referred to as the "New Mexico Class Members."

## II.  SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying its welders as exempt.

6. Venue is proper in this District because the Defendant does a significant portion of its business in this District and because Defendant is headquartered in this District.

## III.  PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Arnulfo Cabellero is an individual residing in Ector County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Texas and New Mexico within the last three years.

8. The FLSA Class Members are all current and former welders, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

9. The New Mexico Class Members are all current and former welders, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint in New Mexico.

10. Defendant Encore Pipe & Construction, LLC is a domestic limited liability company. Defendant may be served process through its registered agent Kane Whitaker, 2078 County Road B-3751, Stanton, Texas 79782.

## IV.   COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

17. At all material times, Plaintiff and Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## V.  FACTS

18. Defendant Encore Pipe & Construction, LLC is an oilfield services company that provides pipe construction and maintenance services to pipelines across Texas, New Mexico, and other states.

19. Plaintiff worked for Defendant as a welder from approximately August of 2013 to February of 2016. He worked for Defendant in Texas and New Mexico.

20. Plaintiff was paid an hourly rate.

21. As a welder, Plaintiff's primary duties were to travel to a Defendant's customer's site and weld together pipelines, patch pipelines, and tap pipelines.

22. Welders commonly work in excess of 12 hours each day. In fact, welders are commonly called upon to work for days straight with little rest.

23. Welders usually work six or seven days each week.

24. Welders are paid an hourly rate for their labor but paid the same hourly rate for regular and overtime hours. In other words, Defendant pays its welders straight time for overtime.

25. No exemption in the FLSA or the NMMWA law shelters Defendant from paying overtime to its welders.

26. Defendant does not pay its welders on a salary basis.

27. Welders do not supervise other employees or manage a customarily recognized department of Defendant's company.

28. Welders have no authority to hire or fire other employees.

29. Welders are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

30. The primary duty of a welder does not require independent judgment or discretion.

31. Welders are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

32. Welders' primary duty is not the performance of work requiring advance knowledge that is predominantly intellectual in nature.

33. Welders are paid hourly.

34. Welders are classified as employees by Defendant.

35. Despite these facts, Defendant misclassified welders as exempt from overtime pay.

36. As a result of Defendant's pay policies, Plaintiff and other welders were denied overtime pay.

37. Defendant knew or showed reckless disregard for whether Plaintiff and the other welders were entitled to overtime pay under the law.

38. Defendant cannot show it acted in good faith.

## VI.   COUNT ONE: VIOLATION OF 29 U.S.C. § 207

39. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

41. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## VII.   COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

43. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

44. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other welders under the same compensation structure in different states and many different jobs.

45. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

46. All Class Members are hourly paid.

47. All Class Members perform manual labor.

48. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

49. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

50. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

51. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

52. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

53. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

54. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

55. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

56. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

57. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

58. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former welders, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.**

## VIII. COUNT TWO: VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT— OVERTIME (CLASS ACTION)

59. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

60. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continue

to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning the NMMWA.

61. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

62. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

63. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## IX.   RULE 23 CLASS ACTION ALLEGATIONS

64. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

65. Plaintiff brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> **All current and former welders, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint in New Mexico.**

66. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

67. The members of the class are so numerous that their individual joinder is impractical.

68. The identity of the members of the class is readily discernible from Defendant's records.

69. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

70. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;
   b. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law;
   c. Whether Defendant misclassified Plaintiff and Class Members as exempt employees under New Mexico law.

71. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

72. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with New Mexico law and because Defendant misclassified Plaintiff as an exempt employee just as it did with other the New Mexico Class Members.

73. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

74. The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in

comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## X.    JURY DEMAND

75.    Plaintiff and Class Members hereby demand trial by jury on all issues.

## XI.    PRAYER

76.    For these reasons, Plaintiff prays for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all welders and all similarly situated employees to permit them to join this action by filing a written notice of consent;

b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

c. A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and New Mexico Class Members all their unpaid overtime compensation and liquidated damages;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,


By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS